The plaintiff in the Court of Common Pleas declared inassumpsit against the defendant, "for that the defendant, at said Providence, on the twenty seventh day of November, A.D. 1880, undertook and promised to and with the plaintiff as follows, to wit:
"For and in consideration of the agreements hereinafter contained mentioned, I, George H. Hill, of the city and county of Providence and State of Rhode Island, hereby sell to George A. Burrough, of said city, county, and State, all of the stock of manufactured wares, raw material, machines, tools, implements, horses, wagons, and book accounts, including the lease of the premises lately occupied by the Providence Pottery Company, if wanted, being all that said Hill purchased under his mortgage of property of the late Providence Pottery Company, said Hill reserving the ownership of said property as security until he shall have received the amount of said company's indebtedness to him, amounting to about twenty five hundred dollars ($2,500), interest and expenses. Said Burrough agrees, with the assistance of George R. Bennett, to continue the business of the late company and manage the same, paying to the said Hill, from time to time, as the financial state of the business warrants, until the whole amount shall have been paid, together with about six hundred and fifty dollars due sundry persons by said company. Said Burrough to petition the General Assembly for an act of incorporation, and when the above amount shall have been liquidated and the charter accepted, said Hill shall have the privilege of subscribing to stock in said corporation to an amount equal to his dues as above. Each party herein mentioned to examine the books at any time. Dated at Providence this twenty seventh day of November, A.D. 1880.
 GEORGE H. HILL, GEORGE A. BURROUGH, G.R. BENNETT.
"And the plaintiff thereupon took possession of said property and business, and conducted and managed the same with the assistance of George R. Bennett as aforesaid. And the plaintiff says that he hath faithfully kept and performed all the promises and agreements in said contract mentioned and contained on his part to be kept and performed; but the said defendant bath *Page 227 
not kept and performed the promises and agreements in said contract contained by him to be kept and performed, but hath broken the same, in this, that at said Providence, on, to wit, the 11th day of January, A.D. 1881, he, the defendant, contriving to injure and defraud the plaintiff, took possession of said property and business above mentioned and excluded the plaintiff therefrom, whereby he lost the large profits which had accrued in said business, and the great gains and profits which would have been made therein from stock manufactured and to be manufactured in the course of said business, and also all the skill, care, and labor which the plaintiff had used and rendered and performed in the course of said business."
To this declaration the defendant demurred generally, and the demurrer was sustained by the Court of Common Pleas, whereupon the plaintiff brought the case into this court on exceptions to the ruling of the court below.
We think the exceptions must be sustained. The contract declared on was, in our opinion, founded on a valid consideration, to wit: the plaintiff's agreement to carry on the pottery business, and make payments, and do the other things specified, the execution of which he is alleged to have entered upon and carried forward up to the time when the property was taken from him. Under the contract, as we construe it, the plaintiff was entitled to the possession of the property so long as he kept and performed the conditions to be kept and performed on his part. The defendant, therefore, broke the contract when he took the property out of his possession, for the demurrer admits performance on the plaintiff's part. The general allegation of performance, though bad in point of form, is bad only in form, being substantially good, and cannot be taken advantage of on general demurrer. Varley v. Manton, 9 Bing. 363.
Exceptions sustained.